# The Intercept_

May 7, 2025

**VIA EMAIL (catherine_wolfe@ca2.uscourts.gov)**

Catherine O'Hagan Wolfe
Clerk of Court
Thurgood Marshall United States Courthouse
40 Foley Square New York, New York 10007

**Re: *Öztürk v. Hyde*, No. 25-1019; *Mahdawi v. Trump*, No. 25-1113**

Dear Ms. Wolfe:

    I am a reporter for The Intercept, a nonprofit digital news outlet that is covering the above-captioned proceedings.[1] I write to respectfully urge the Court to lift the remote docket access restrictions that are currently in place under Federal Rule of Civil Procedure 5.2(c) in these matters.

    These cases are of historic importance amid the public debate about the scope and legality of the Trump administration's deportation efforts. In each case, it is vital that the public have the chance to understand the parties' arguments as well as the evidence upon which courts evaluate them.

    Currently, however, access to the filings in both Ms. Öztürk's and Mr. Mahdawi's appeals is restricted under Federal Rule of Civil Procedure 5.2(c), which prohibits non-parties from remotely accessing the full electronic record via PACER. *See generally* F.R.C.P. 5.2(c). In keeping with that rule, the PACER dockets in both matters currently list all of the filings but only permits remote access to the Court's orders.[2] PACER does not otherwise allow remote access to such vital materials as the government's briefs. Instead, under FRCP 5.2(c), members of the press and all other non-parties may only access the full electronic record by visiting the courthouse. F.R.C.P. 5.2(c). The Intercept's reporters are covering these matters remotely from as far as Los Angeles, where I'm based, and The Intercept — like many other press outlets covering this case across the country and around the world — does not have the financial resources to hire runners to access records in-person. Remote access to filings via PACER is crucial to our coverage.

---

[1] *See, e.g.*, Akela Lacy, *Palestinian Student Leader Was Called In for Citizenship Interview — Then Arrested by ICE*, The Intercept (Apr. 14, 2025), https://theintercept.com/2025/04/14/ice-columbia-student-mohsen-mahdawi-citizenship-interview; Jonah Valdez, *In Trump's America, You Can Be Disappeared for Writing an Op-Ed*, The Intercept (Mar. 30, 2025), https://theintercept.com/2025/03/30/tufts-rumeysa-ozturk-ice-immigration-op-ed.

[2] However, as of this writing even the Court's orders and opinions dated May 7, 2025, in both cases are not publicly accessible via PACER, although the Court has published copies of its opinions elsewhere on its website.

FRCP 5.2(c) allows courts to lift these restrictions to remote access to the electronic record. *See* F.R.C.P. 5.2(c). Indeed, in proceedings below, Ms. Öztürk requested that the restrictions be lifted, but that request has not yet been ruled on. *See Ozturk v. Hyde*, No 2:25-cv-00374, Dkt. 99 at 6 (D. Vt. Apr 16, 2025) (requesting that the court "direct the Clerk of Court to change the nature of suit code to No. 530, 'Habeas Corpus,' to remove the limitations on remote electronic access to the docket").[3] And in many other cases around the country, district courts have lifted the remote access restrictions under FRCP 5.2(c). *See, e.g.*, *Khalil v. Joyce*, No. 1:25-cv-01935, Dkt. 29 (S.D.N.Y. Mar. 12, 2025); *G.F.F. v. Trump*, No. 1:25-cv-02886, Dkt. 39 (S.D.N.Y. Apr. 15, 2025); *A.S.R. v. Trump*, No. 3:25-cv-00113, Dkt. 46 (W.D. Penn. Apr. 25, 2025); *J.A.V. v. Trump*, No. 1:25-cv-00072, Dkt. 55 (S.D. Tex. Apr. 25, 2025); *W.M.M. v. Trump*, No. 1:25-cv-00059, Dkt. 53 (N.D. Tex. Apr. 29, 2025); *Patel v. Lyons*, No. 1:25-cv-01096, Minute Order Dated May 6, 2025 (D.D.C.).

This Court has long emphasized "the importance of immediate access" to judicial records such as those currently restricted on the dockets in these matters. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 126 (2d Cir. 2006) (citing cases). In recognition of the public's interest in these matters, I respectfully ask that the Court do as Ms. Öztürk requested below — and as district courts around the country have done —and promptly lift the remote access restrictions under FRCP 5.2(c). Doing so will not only facilitate more accurate and thorough press coverage of these proceedings, but also vindicate the public's right to "properly monitor the work of the courts." *Lugosch*, 435 F.3d at 127.

Thank you for considering this request.

Respectfully,

Jonah Valdez
Reporter, The Intercept
jonah.valdez@theintercept.com
(201) 375-3715

---

[3] Ms. Öztürk's counsel posted a copy of this filing online: https://www.aclum.org/sites/default/files/field_documents/2025-04-16_petr_submission_re_further_proceedings_99.pdf