No. 25-1019

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

RÜMEYSA ÖZTÜRK,

*Petitioner–Appellee,*

v.

Donald J. TRUMP, in his official capacity as President of the United States; Patricia HYDE, in her official capacity as the New England Field Office Director for U.S. Immigration and Customs Enforcement; Michael KROL, in his official capacity as HSI New England Special Agent in Charge, U.S. Immigration and Customs Enforcement; Todd LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Kristi NOEM, in her official capacity as Secretary of the United States Department of Homeland Security; and Marco RUBIO, in his official capacity as Secretary of State,

*Respondents–Appellants*.

On Appeal from the United States District Court
for the District of Vermont

**PETITIONER–APPELLEE'S OPPOSITION TO RESPONDENTS'
MOTION TO EXPEDITE CONSIDERATION OF APPEAL AND
PROPOSED BRIEFING SCHEDULE**

*(Counsel listed on next page)*

Brett Max Kaufman
Brian Hauss
Esha Bhandari
Noor Zafar
Sidra Mahfooz
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION
125 Broad Street, Floor 18
New York, NY 10004
(212) 549-2500
bkaufman@aclu.org
bhauss@aclu.org
ebhandari@aclu.org
nzafar@aclu.org
smahfooz@aclu.org

Jessie J. Rossman
Adriana Lafaille
Rachel E. Davidson
Julian Bava
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION OF MASSACHUSETTS,
 INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
alafaille@aclum.org
rdavidson@aclum.org
jbava@aclum.org

Mahsa Khanbabai
115 Main Street, Suite 1B
North Easton, MA 02356
(508) 297-2065
mahsa@mk-immigration.com

*Counsel for Petitioner–Appellee*

Lia Ernst
Monica H. Allard
ACLU FOUNDATION OF VERMONT
PO Box 277
Montpelier, VT 05601
(802) 223-6304
lernst@acluvt.org
mallard@acluvt.org

Ramzi Kassem
Naz Ahmad
Mudassar Toppa
Shezza Abboushi Dallal
CLEAR PROJECT
MAIN STREET LEGAL SERVICES,
 INC.
CUNY School of Law
2 Court Square
Long Island City, NY 11101
(718) 340-4558
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu
shezza.dallal@law.cuny.edu

Matthew D. Brinckerhoff
Katherine Rosenfeld
Vasudha Talla
Sonya Levitova
EMERY CELLI BRINCKERHOFF ABADY
 WARD & MAAZEL LLP
One Rockefeller Plaza, 8th Floor
New York, NY 10020
212-763-5000
mbrinckerhoff@ecbawm.com
krosenfeld@ecbawm.com
vtalla@ecbawm.com
slevitova@ecbawm.com

# INTRODUCTION

Petitioner-Appellee Rümeysa Öztürk respectfully submits this memorandum of law in opposition to Appellants' Motion for Expedited Relief filed on May 20, 2025 (Doc. 83.1). The Court should deny Appellants' motion because it is devoid of any facts or arguments establishing the requisite showings of emergency and harm. Moreover, any skeletal assertions of harm based on jurisdiction have already been considered and rejected by this Court. There is no exigency requiring the Court's intervention and no irreparable harm to the government if this Court proceeds pursuant to the standard briefing schedule allowed by Local Rule 31.2(a).

# RELEVANT FACTS AND PROCEDURAL HISTORY

On April 24, 2025, Appellants noticed their appeal of the district court's April 18, 2025 Order which required transferring Ms. Öztürk to the district of Vermont for the pendency of habeas proceedings. Characterizing their appeal as being from the district court's order "accepting jurisdiction and ordering Petitioner be physically transferred to ICE custody within the District of Vermont no later than May 1, 2025," Doc. 1, Appellants moved for an emergency stay of the order, Doc. 19.1. In their motion, Appellants claimed that requiring ICE to transfer Ms. Öztürk from a detention facility in Louisiana to one in Vermont so that she could attend her bail hearing would "irreparably harm" the government. *Id.* at *2*. After issuing an administrative stay, then hearing arguments on an expedited timeline, this Court

1

denied the stay and concluded that the government "failed to show irreparable injury absent a stay of the transfer order." Doc. 71.1 at 4. This Court agreed the district court had jurisdiction over Ms. Öztürk's petition, finding that "the government is unlikely to prevail on its arguments that various jurisdiction-stripping provisions of the Immigration and Nationality Act ("INA") . . . deprive the district court of jurisdiction over Öztürk's challenge to her detention." *Id.*

Following this Court's ruling, the district court proceeded with Ms. Öztürk's bail hearing on May 9, 2025. ECF No. 140. After a hearing in which the government presented no witnesses and offered no evidence, *see id.* at 13–14, the district court concluded that: Ms. Öztürk raises substantial claims of both First and Fifth Amendment violations, *id.* at 14–20; the "striking manner" of her transportation to Louisiana despite a district court ordering the government to keep her in Massachusetts, the lack of any evidence against her, and her rapidly declining health while in custody, constituted extraordinary circumstances warranting release, *id.* at 20–21; the ongoing harms to her health and infringement on her rights to freedom of speech and liberty made bail "necessary to make the habeas remedy effective," *id.* at 22–23; and finally, "Ms. [Öztürk] does not pose a risk of flight or a danger to the community," *id.* at 23. Based on those findings, the district court ordered her immediate release during the pendency of her habeas petition. *Id.* at 2. Ms. Öztürk

was released later that day, subject to conditions of release and ongoing removal proceedings, and has returned to Tufts University to finish her Ph.D.

Now, again claiming that the district court's original April 18, 2025 Order "contravene[s] a multitude of precedents," Doc. 19.1 at 2; Doc. 83.1 at 3, the government seeks an expedited briefing schedule in a 3-paragraph motion without citation, argument, or any requisite identification of harm.

## LEGAL STANDARD

Under Local Rule 31.2, an appellee may request up to 91 days from the filing date of the appellants' opening brief to file her answering brief. *See* Local Rule 31.2(a)(1)(B). This Court can depart from the rule and expedite the briefing schedule and consideration of this appeal only upon a showing of "good cause." 28 U.S.C. § 1657(a) (federal courts "shall expedite the consideration of any action . . . if good cause therefor is shown"); *see also* Fed. R. App. P. 2(a). Local Rule 27.1(d)(3) further provides that "[a] motion seeking emergency or expedited relief must . . . state the nature of the emergency and the harm that the movant will suffer if the motion is not granted[.]"

## ARGUMENT

Appellants' motion for expedited briefing fails to establish—or even assert—any emergency or harm sufficient to show good cause under Local Rule 27.1(d). The government does not identify any reason for urgency, because there is

3

none. Indeed, since Ms. Öztürk was released on bail, the government is no longer under any obligation to transfer her (the very subject of the government's appeal). And in its moving papers, the government identifies no attenuating or extraordinary circumstances that would justify relief from the ordinary course of appellate litigation. In fact, the government fails to identify *any* harm it would suffer in the near future if the appeal proceeds according to the standard briefing schedule allowed by Local Rule 31.2(a).[1]

The only "harm" arguably asserted by the government is the single-sentence contention that expedited briefing is appropriate "[b]ecause the district court's order contravenes a multitude of precedents confirming the Immigration and Nationality Act's many jurisdictional bars and the government has an interest in effecting statutes enacted by representatives of its people[.]" Doc. 83 at 3. But that the government believes the district court (and this Court's stay panel) erred makes it no different than any other appellant. And to the extent this lone sentence purports to raise a claim that the government is unusually harmed by continuing to be subject to

---

[1] The government's proposed schedule further undercuts its motion. Rather than meaningfully reduce its own time for briefing, the government primarily cuts Appellee's briefing period. Its proposed schedule gives the government sixty-two (62) days to file its brief (measured from the April 29 notice of record on appeal), or fifty-four (54) days (measured from the May 7 denial of the stay). In contrast, it gives Appellee only thirty-one (31) days from the filing of the government's brief to respond. At a minimum, Appellee should be afforded equal briefing time to the parties seeking expedited review.

4

the jurisdiction of the district court, this Court has already found the government's jurisdictional arguments unpersuasive. *See* Doc. 71.1 at 20 (considering each allegedly applicable provision in turn and finding the government's arguments regarding the jurisdiction-stripping provisions of the INA are "unlikely to succeed"). Further, the Supreme Court has repeatedly held that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *FTC v. Standard Oil Co.*, 449 U.S. 232, 244 (1980) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)); *Petroleum Exploration, Inc. v. Pub. Serv. Comm'n,* 304 U.S. 209, 222 (1938) (noting "the abiding and fundamental principle … that the expense and annoyance of litigation is 'part of the social burden of living under government.'" (citations omitted)).

With respect to any alleged harm to "the government['s] interest in effecting statutes enacted by representatives of its people," Doc. 83 at 3, the government again recycles a rejected argument. As this Court found: "[t]he government argues that it suffers an irreparable injury '[a]ny time' it is 'enjoined by a court [from] effectuating statutes enacted by representatives of its people.' We are not persuaded by this overbroad argument." Doc. 71.1 at 37 (citation omitted). The government makes no meaningful assertion of harm, particularly where nothing prevents it from effectuating its immigration authority through removal proceedings. As this Court noted, Ms. Öztürk remains subject to removal proceedings. *Id.* at 29 (her "claims of

5

unlawful and retaliatory detention are independent of, and collateral to, the removal process"). Because her "unlawful detention claims may be resolved without affecting pending removal proceedings," *id.* at 33, the government can claim no harm to its interest in "effectuating statutes," Doc. 83 at 3. This is particularly true now that Ms. Öztürk is released on bail and ICE is under no present obligation to transfer her.

Because this Court has already made a preliminary finding of jurisdiction and rejected similar governmental claims of harm, Appellant identifies no basis for expedited briefing. The government suffers no cognizable harm from following the normal course of an appeal of the district court's transfer order.

## CONCLUSION

For the reasons stated above, Petitioner-Appellee respectfully requests that the Court DENY Appellants' Motion to Expedite Consideration of Appeal and Proposed Briefing Schedule and instead requests the full 91 days for her responsive merits briefing pursuant to Local Rule 31.2(a).

Dated: May 21, 2025

Brett Max Kaufman
Brian Hauss
Esha Bhandari
Noor Zafar

Respectfully submitted,

/s/ *Monica Allard*
Lia Ernst
Monica Allard
ACLU FOUNDATION OF VERMONT
PO Box 277

6

Sidra Mahfooz
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION
125 Broad Street, Floor 18
New York, NY 10004
(212) 549-2500
bkaufman@aclu.org
bhauss@aclu.org
ebhandari@aclu.org
nzafar@aclu.org
smahfooz@aclu.org

Jessie J. Rossman
Adriana Lafaille
Rachel E. Davidson
Julian Bava
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION OF MASSACHUSETTS,
 INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
jrossman@aclum.org
alafaille@aclum.org
rdavidson@aclum.org
jbava@aclum.org

Mahsa Khanbabai
115 Main Street, Suite 1B
North Easton, MA 02356
(508) 297-2065
mahsa@mk-immigration.com

*Counsel for Petitioner–Appellee*

Montpelier, VT 05601
(802) 223-6304
lernst@acluvt.org
mallard@acluvt.org

Ramzi Kassem
Naz Ahmad
Mudassar Toppa
Shezza Abboushi Dallal
CLEAR PROJECT
MAIN STREET LEGAL SERVICES,
 INC.
CUNY School of Law
2 Court Square
Long Island City, NY 11101
(718) 340-4558
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu
shezza.dallal@law.cuny.edu

Matthew D. Brinckerhoff
Katherine Rosenfeld
Vasudha Talla
Sonya Levitova
EMERY CELLI BRINCKERHOFF
 ABADY WARD & MAAZEL LLP
One Rockefeller Plaza, 8th Floor
New York, NY 10020
212-763-5000
mbrinckerhoff@ecbawm.com
krosenfeld@ecbawm.com
vtalla@ecbawm.com
slevitova@ecbawm.com

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2025, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the Second Circuit using the appellate ACMS system. No party is unrepresented in that system.

Date: May 21, 2025

Respectfully submitted,

/s/ Monica Allard
Monica Allard
*Counsel for Petitioner–Appellee*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 1,378 words. The document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in size-14 Times New Roman font.

Date: May 21, 2025                                              Respectfully submitted,

/s/ *Monica Allard*
Monica Allard
*Counsel for Petitioner–Appellee*