# No. 25-1019

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**RUMEYSA OZTURK,**
Petitioner-Appellee,

v.

**PATRICIA HYDE, ET AL.,**
Respondents-Appellants.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT**
District Court Case No. 2:25-cv-374

## ADDENDUM

| | |
|---|---|
| **BRETT A. SHUMATE**<br>Assistant Attorney General<br>Civil Division | **DHRUMAN Y. SAMPAT**<br>Senior Litigation Counsel |
| **DREW C. ENSIGN**<br>Deputy Assistant Atty. General<br>Office of Immigration Litigation | **ALANNA T. DUONG**<br>Senior Litigation Counsel<br>Civil Division, U.S. Dept. of Justice<br>P.O. Box 878, Ben Franklin Station<br>Washington, DC 20044 |
| **MICHAEL P. DRESCHER**<br>Acting United States Attorney<br>District of Vermont | Attorneys for<br>Respondents-Appellants |

# PERTINENT STATUTES

## 8 U.SC. § 1201(i) Revocation of visas or documents

After the issuance of a visa or other documentation to any alien, the consular officer or the Secretary of State may at any time, in his discretion, revoke such visa or other documentation. Notice of such revocation shall be communicated to the Attorney General, and such revocation shall invalidate the visa or other documentation from the date of issuance: *Provided*, That carriers or transportation companies, and masters, commanding officers, agents, owners, charterers, or consignees, shall not be penalized under section 1323(b) of this title for action taken in reliance on such visas or other documentation, unless they received due notice of such revocation prior to the alien's embarkation. There shall be no means of judicial review (including review pursuant to section 2241 of Title 28 or any other habeas corpus provision, and sections 1361 and 1651 of such title) of a revocation under this subsection, except in the context of a removal proceeding if such revocation provides the sole ground for removal under section 1227(a)(1)(B) of this title.

## 8 U.S.C. § 1226(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.

## 8 U.S.C. § 1226(e) Judicial review

The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

**8 U.S.C. § 1231(g) Places of detention**

**(1) In general**
The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal. When United States Government facilities are unavailable or facilities adapted or suitably located for detention are unavailable for rental, the Attorney General may expend from the appropriation "Immigration and Naturalization Service--Salaries and Expenses", without regard to section 6101 of Title 41, amounts necessary to acquire land and to acquire, build, remodel, repair, and operate facilities (including living quarters for immigration officers if not otherwise available) necessary for detention.

**8 U.S.C. § 1252(a)(2)(B) Denials of discretionary relief**

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--

…

(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

**8 U.S.C. § 1252(a)(5) Exclusive means of review**

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in

>accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

**8 U.S.C. § 1252(b)(9)**
**Consolidation of questions for judicial review'**

>Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

**8 U.S.C. § 1252(g) Exclusive jurisdiction**

>Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

3

**28 U.S.C. § 1631 Transfer to cure want of jurisdiction**

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court (or, for cases within the jurisdiction of the United States Tax Court, to that court) in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

**28 U.S.C. § 2241 Power to grant writ**

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

(b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

(c) The writ of habeas corpus shall not extend to a prisoner unless—

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

(d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

(e)(1) No court, justice, or judge shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

(2) Except as provided in paragraphs (2) and (3) of section 1005(e) of the Detainee Treatment Act of 2005 (10 U.S.C. 801 note), no court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

**8 U.S.C. § 2242 Application**

Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.

It shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known.

It may be amended or supplemented as provided in the rules of procedure applicable to civil actions.

If addressed to the Supreme Court, a justice thereof or a circuit judge it shall state the reasons for not making application to the district court of the district in which the applicant is held.